UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FSC FRANCHISE CO., LLC, et al.,

    Plaintiff,

v.                                      CASE NO: 8:10-cv-1330-T-23EAJ

MULLIGAN'S FAMILY SPORTS
PUB, INC., et al.,

    Defendants.
_____/

## ORDER AND PERMANENT JUNCTION

The plaintiffs franchise "Beef O'Brady's Family Sports Pubs" throughout the United States. The plaintiffs sue the defendants for breach of a franchise agreement permitting the defendants to operate a "Beef O'Brady's" restaurant in Hudson, Florida. The complaint alleges that, shortly after refusing to renew the franchise agreement, the defendants opened a competing restaurant in the same location. The parties submit a "stipulation and joint motion for entry of permanent injunction." (Doc. 31) The joint motion (Docs. 31) is **GRANTED IN PART** as follows.

For a period of two years following the entry of this order, the defendants, Mulligan's Family Sports Pub, Inc., Michael Overbeck, Nicholas K. Overbeck, Robert Lowry, and Judy Lowry, and any agent, servant, employee, attorney, and any other person or entity who is in active concert or participation with any defendant is **ENJOINED** from:

    1. Owning, maintaining, operating, working for, or having any interest in a bar or restaurant business that uses sports as the major emphasis of its menu or advertising and that is located (1) at or within 15 miles of 13706 Little Road, Hudson, Florida, or

(2) within 15 miles of any other Beef O'Brady's Family Sports Pub in operation or under construction on the date of this injunction;

    2. Using a menu that is substantially similar to, or derived from, the Beef O'Brady's menu, a copy of which is attached as exhibit A to the complaint (Doc. 1-2);

    3. Using, copying, disclosing, or publishing any of the plaintiffs' "confidential information," which includes:

    (i) the "FSC System"[1] and the know-how related to its use;

    (ii) plans, specifications, size, and physical characteristics of Beef O'Brady's Family Sports Pubs;

    (iii) site selection criteria, land use and zoning techniques and criteria;

    (iv) methods in obtaining licensing and meeting regulatory requirements;

    (v) sources, design and methods of use of equipment, furniture, forms, materials, supplies, Websites, Internet or Intranet, "business to business" or "business to customer" networks or communities, and other e-commerce methods of business;

---

[1] The franchise agreement defines the "System" as the "distinctive standards and policies with respect to the following;

    [a] the specific types and quality of food and beverage products that may be served;
    [b] the approved methods of preparing and serving food and beverages;
    [c] approved supplies and menus including food and beverage designations, special names and descriptions, special recipes and quality and quantity standards;
    [d] methods and techniques for sanitation maintenance, food and beverage storage, inventory taking and control, record keeping, accounting control systems, sales reporting, personnel management, purchasing, promotion, entertainment, scheduling and operating hours;
    [e] specifications for equipment, equipment layout, ambiance, memorabilia and other physical facilities;
    [f] approved systems for financial and operating controls and reporting;
    [g] approved methods of promotion and marketing; and
    [h] in general all standards and policies of quality, service, cleanliness, business, business operations and facilities that Franchisor may in its reasonable judgment prescribe from time to time as being in the best interest of all Beef O' Brady's® Family Sports Pub franchises as a group." (Doc. 1-3 at 6)

(vi) marketing, advertising, and promotional programs for Beef O'Brady's Family Sports Pubs;

(vii) staffing and delivery methods and techniques for personal services;

(viii) the selection, testing, and training of managers and other employees for Beef O'Brady's Family Sports Pubs;

(ix) the recruitment, qualification, and investigation methods to secure employment for employment candidates;

(x) any computer software mad available or recommended for Beef O'Brady's Family Sports Pubs;

(xi) methods, techniques, formats, specifications, procedures, information, and systems related to and knowledge of and experience in the development, operation, advertising, marketing, and franchising of Beef O'Brady's Family Sports Pubs;

(xii) knowledge of specifications for and identities of suppliers of certain products, materials, supplies, furniture, furnishings, and equipment;

(xiii) recipes, formulas, preparation methods, and serving techniques;

(xiv) knowledge of operating results and financial performance of Beef O'Brady's Family Sports Pubs; and

(xv) pricing, purchase agreements, and contracts for Beef O'Brady's Family Sports Pubs.

4. Operating or conducting a business under any name or in any manner that gives the public the impression that the defendants are in any connected with the

plaintiffs or that the defendants retain the right to use either the plaintiff's confidential information or the "FSC System."

To the extent the parties request an injunction stating that the defendants "shall not compete unfairly with FSC or any Beef O'Brady's Family Sports Pub," the request is **DENIED** for failure to comply with specificity requirements of Rule 65(d), Federal Rules of Civil Procedure.  See also SEC v. Skyway Global, LLC, __ F. Supp. 2d __, 2010 WL 1626395 (M.D. Fla. Apr. 22, 2010) (analyzing the practical and constitutional problems arising from an "obey-the-law" injunction).  The June 22, 2010, order (Doc. 6) referring the plaintiffs' motion for a preliminary injunction to the magistrate judge is **VACATED**, the reference is **WITHDRAWN**, and the plaintiffs' motion (Doc. 3) for a preliminary injunction is **DENIED AS MOOT**.  The hearing on the plaintiffs' motion for a preliminary injunction is **CANCELLED**.

The court retains jurisdiction for the limited purpose of enforcing this injunction. The court otherwise declines to retain jurisdiction to enforce any settlement agreement independently negotiated by the parties.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).  The Clerk is directed to (1) terminate and pending motion and (2) close the case.

ORDERED in Tampa, Florida, on July 21, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

xc:   Magistrate Judge